IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY D. WALLER                                                                    PLAINTIFF

vs.                                         Civil No. 4:15-cv-04112

CAROLYN W. COLVIN                                                             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Tracy D. Waller ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her SSI application on June 19, 2009. (Tr. 207). In her

application, Plaintiff alleges being disabled due to a broken collar bone, broken ribs, mental

impairments, high blood pressure, and liver problems. (Tr. 245). Plaintiff alleges an onset date of

March 17, 2009. (Tr. 16). This application was denied initially and again upon reconsideration. (Tr.

87-88).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____" The
transcript pages for this case are referenced by the designation "Tr."

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 63-86, 118).  Thereafter, on September 8, 2010, the ALJ held an administrative hearing on Plaintiff's application.  (Tr. 63-86).  At this hearing, Plaintiff was present and was represented by Decker Barnette.  *Id.*  Plaintiff and Vocational Expert ("VE") Mr. Hildry[2] testified at the hearing in this matter.  *Id.*  During this hearing, Plaintiff testified she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 66-67).  As for her education, Plaintiff testified she had only completed the tenth grade in school.  (Tr. 67).

On March 18, 2011, after this administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 96-106).  Plaintiff appealed that unfavorable decision to the Appeals Council.  (Tr. 89-90).  Upon review, the Appeals Council remanded Plaintiff's case back to the ALJ.  *Id.*  Importantly, the Appeals Council directed the ALJ to develop the record:

> Obtain additional evidence concerning the claimant's status post rib fractures, status post right clavicle fracture, and *mental impairments* in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913). *The additional evidence may include, if warranted and available, consultative internal medicine and mental examinations with psychological testing and medical source statements about what the claimant can still do despite the impairments.*

(Tr. 92-93) (emphasis added).

The ALJ then held a second administrative hearing.  (Tr. 37-62).  Thereafter, the ALJ again entered a fully unfavorable decision.  (Tr. 16-31).  In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 19, 2009, her application date.  (Tr. 19, Finding 1).  The ALJ found Plaintiff had the following severe impairments: status post rib fractures

---

[2] The first name of Mr. Hildry was not included in the transcript.

and status post right clavicle fracture.  (Tr. 19, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 19-20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-29, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> Giving the claimant the benefit of the doubt, I find that the claimant has the residual functional capacity to perform at least light work (lift and/or carry 20 pounds occasionally, and 10 pounds frequently), as defined in 20 CFR 416.967(c).  She can sit, stand, and/or walk for about 6 hours in an 8-hour workday.  She is not limited in pushing and/or puffing with her upper and lower extremities.  She has no postural, manipulative, visual, communicative, or environmental limitations.  She does not have a severe mental impairment.

*Id.*

Considering her RFC, the ALJ determined Plaintiff was capable of performing her Past Relevant Work ("PRW") as a cashier or checker.  (Tr. 29-31, Finding 5).  Because the ALJ found Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 19, 2009 through the date of his decision or through March 29, 2014.  (Tr. 31, Finding 6).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 12-13).  On October 15, 2015, the Appeals Council denied this request for review.  (Tr. 5-8).  On November 30, 2015, Plaintiff filed her Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 1, 2015.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ erred in failing to follow the instructions in the notice of the order of the Appeal Council's remand; and (2) the ALJ erred in discrediting the opinion of Dr. Betty Feir.  *Id.*  Because the Court finds the ALJ erred by failing to follow the directions from the Appeals Council and by failing to properly consider Dr. Feir's findings, the Court will address both of the issues Plaintiff raised.

As noted above, in the remand order by the Appeals Council, the ALJ was directed to develop the record as to Plaintiff's alleged mental impairments:

Obtain additional evidence concerning the claimant's status post rib fractures, status

5

post right clavicle fracture, and *mental impairments* in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913). *The additional evidence may include, if warranted and available, consultative internal medicine and mental examinations with psychological testing and medical source statements about what the claimant can still do despite the impairments.*

(Tr. 92-93) (emphasis added).  Despite this directive, the ALJ did not obtain additional testing or develop the record regarding Plaintiff's mental impairments.

Indeed, after the hearing, on June 11, 2013, *Plaintiff* obtained additional medical testing from Dr. Betty Feir, Ph.D. to assess her mental impairments.  (Tr. 420-449).  In his opinion, however, the ALJ summarily discounted Dr. Feir's findings because he believed Dr. Feir's findings were not complete: "Yet, Dr. Feir does not provide any stated specific bases for her conclusions, despite the fact that she administered a Millon Behavioral test.  She does not state that she has either examined, or treated the claimant for any mental problems in the past."  (Tr. 23).

Even assuming the ALJ were correct with this finding that Dr. Feir's assessment was not complete, it very well-settled law that is the ALJ's responsibility–not Plaintiff's responsibility–to recontact Dr. Feir if her findings were incomplete.  *See, e.g., Lewis v. Schweiker,* 720 F.2d 487, 489 (8th Cir. 1983) (recognizing "[o]ur past decisions establish the ALJ's obligation to develop the record fully; if a treating physician, for example, has not issued an opinion which can be adequately related to the statute's disability standard, the ALJ is obligated–particularly when as here the claimant is not represented by counsel–to address a precise inquiry to the physician so as to clarify the record ").  This is especially true where, as here, the ALJ has specifically directed the ALJ to further develop the record.

Based upon these facts, the Court cannot find the ALJ complied with the remand order from

the Appeals Council.  Indeed, there was absolutely no additional development regarding Plaintiff's

mental impairments, and the additional testing Plaintiff ordered was discounted without a sufficient

basis.

**4.**    <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

      **ENTERED this 10th day of January 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
